## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

          Debtor.

_____

FRANK TETA on behalf of himself and all others similarly situated,

          Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION

          Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

---

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

For the reasons in the accompanying brief, Plaintiff moves for class certification under

Fed. R. Bankr. P. 7023.

DATED: February 18, 2009

      /s/ René S. Roupinian
René S. Roupinian
Jack A. Raisner
**OUTTEN & GOLDEN, LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Counsel for Plaintiff and the putative Class*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

        Debtor.

_____

FRANK TETA on behalf of himself and all others similarly situated,

        Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

        Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

DATED: February 18, 2009

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ......................1

SUMMARY OF ARGUMENT ...........................................................................1

STATEMENT OF FACTS ..............................................................................1

PRIOR PROCEEDINGS ...............................................................................2

ARGUMENT .............................................................................................3

I.     The Nature of the WARN Act and Defendants' Violation of the Act............................3

II.    WARN Claims are Widely Recognized by the Courts to be Especially Appropriate for Class Certification and Plaintiff's Proposed Class Definition Should be Approved.......4

III.   The Proposed Class Satisfies the Requirements of Rule 23 ...........................................6

     A.     The Proposed Class Meets the Requirements of Rule 23(a)................................6

          1.     The Numerosity Requirement is Satisfied .................................................7

          2.     Questions of Law and Fact are Common to All Members of the Proposed Class ......................................................................................8

          3.     The Claim of the Representative Party is Typical of the Claims of the Class.........................................................................................9

          4.     The Plaintiff Will Fairly and Adequately Protect the Interests of the Class........................................................................................10

     B.     The Proposed Class Meets the Requirements of Rule 23(B)(3) ..........................11

IV.   Class Claims are Proper in Bankruptcy Court Even when the Putative Class Members Did Not File Individual Claims.....................................................................................13

V.    This Court Should Appoint the Undersigned Class Counsel...........................................15

VI.   Appointment of the Class Representative....................................................................16

VII.  The Form and Manner of Service of Notice ................................................................16

     A.     The Contents of the Notice ....................................................................17

     B.     Notice by Mail Satisfies the Manner of Notice Requirement...............................17

CONCLUSION......................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Allison v. Citgo Petroleum Corp.,* 151 F.3d 402 (5th Cir. 1998)........................................12

*Amchem Prods v. Windsor*, 521 U.S. 591 (1997) ........................................................ 10

*American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ................................................ 15

*Birting Fisheries, Inc. v. Lane*, 92 F.3d 939 (9th Cir. 1996) ........................................ 14

*Blades v. Monsanto Co.,* 400 F.3d 562 (8th Cir. 2005)..............................................5, 12

*Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003) ............. 5

*Brady v. Thurston Motor Lines*, 726 F.2d 136 (4th Cir. 1984)....................................... 8

*Califano v. Yamasaki*, 442 U.S. 682 (1979) ................................................................. 8

*Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004).......... 5

*Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579 *1, 11 IER Cases 513
(E.D. Pa. Dec 18, 1995) ................................................................................................ 5

*Coggin v. Sears, Roebuck and Company*, 155 B.R. 934 (E.D.N.C.1993) ..................... 7

*Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991)................................... 5

*Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648
(4th Cir.1967)............................................................................................................... 7

*De Boer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).........................8

*Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87 (S.D.N.Y. 1981)........... 9, 10

*Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968), cert. denied, 417 U.S.
156 (1974) ............................................................................................................... 10, 12

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)................................................... 5

*Feder v. Elec. Data Sys. Corp.,* 429 F.3d 125 (5th Cir. 2005)....................................10

*Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989)........................... 4

*General Tel. Co. v. Falcon*, 457 U.S. 147 (1982)........................................................ 8

*Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996)........................... 4, 8

ii

*Henry v. Cash Today, Inc.,* 199 F.R.D. 566 (S.D. Tex. 2000)..........................................8

*Humphrey v. United Way*, 42 Employee Benefits Cas. (BNA) 1449, 2007 U.S. Dist. LEXIS 59557 (S.D. TX 2007)..........................................................................................5, 12

*In re Charter Co.,* 876 F.2d 866 (11th Cir. 1989) ................................................ 14, 15

*In re Craft,* 321 B.R. 189, 2005 Bankr. LEXIS 93 (Bankr. N.D. TX 2005).........................13

*In re First Alliance Mortgage Corp.,* 269 B.R. 428 (D. C.D. Cal. 2001).....................................14

*In re Grosso,* 9 B.R. 815 (S.D.N.Y. Bankr. 1981)........................................................ 14

*In re Kaiser Group Int'l,* 278 B.R. 58 (Bankr. D. Del. 2002) ........................................ 7

*In re Potash Antitrust Litig.,* 159 F.R.D. 682 (D. Minn. 1995)..........................................9

*In re Spring Ford Ind.,* 2004 Bankr. LEXIS 112, 51 Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa. 2004)..................................................................................7, 8, 14

*In re Whitaker,* 882 F.2d 791 (3d Cir. 1989) ............................................................. 13

*In re Zenith Laboratories,* 104 B.R. 659 (D.N.J. 1989) ................................................ 14

*James v. City of Dallas,* 254 F.3d 551(5th Cir. 2001)..........................................................9

*Jones v. Kayser-Roth Hosiery,* 748 F. Supp. 1276 (E.D. TN. 1990) ............................................ 5

*Jurcev v. Central Community Hospital,* 7 F.3d 618 (7th Cir. 1993)............................................. 5

*Lockwood Motors Inc. v. Gen. Motors Corp.,* 162 F.R.D. 569 (D. Minn. 1995)..........................7

*McManus v. Fleetwood Enters., Inc.,* 320 F.3d 545 (5th Cir. 2003)..........................................7, 12

*New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.,* 1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994)........................................................................................4

*Pearson v. Component Technology Corp.,* 247 F.3d 471 (3rd Cir. 2001)...................................... 5

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985) ................................................ 12

*Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir. 1989)..........................................14

*Reyes v. Greater Texas Finishing Corp.,* 19 F. Supp. 2d 709 (W.D. Texas 1998)........................ 4

*Rodger v. Electronic Data Systems Corp.,* 160 F.R.D. 532 (E.D.N.C. 1995) ...................... 10, 12

*Steiner v. Equimark Corp.,* 96 F.R.D. 603 (W.D. Pa. 1983) ........................................ 18

*Stirman v. Exxon Corp.,* 280 F.3d 554, 563 (5th Cir. 2002)........................................11

*Trist v. First Federal Saving & Loan Association,* 89 F.R.D. (E.D. Pa.1980) ............................. 18

*Unger v. Amedisys Inc.,* 401 F.3d 316 (5th Cir. 2005)....................................................5

*Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir. 1983) ..................................................... 17

*White v. National Football League,* 41 F.3d 402 (8th Cir. 1994)................................................. 17

*Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.,* 758 F.2d 86 (3d Cir. 1985) ................ 17

*Weinman v. Fid. Capital Appreciation Fund,* 354 F.3d 1246 (10th Cir. 2004).......................14

*Varacallo v. Mass. Mut. Life Ins. Co.,* 226 F.R.D. 207 (D.N.J. 2005)...............................18

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Frank Teta ("Plaintiff") submits this memorandum of law in support of his motion (a) certifying a class, pursuant to the Federal Rules of Civil Procedure Rule 23 and Bankruptcy Rule 7023, comprised of former employees (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and (ii) who have not filed a timely request to opt-out of the class;  (b) appointing Outten & Golden, LLP and Forshey & Prostok, LLP as counsel Class Counsel (collectively "Class Counsel"), (c) appointing Plaintiff Frank Teta as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.  The motion is also supported by the accompanying declarations of René S. Roupinian ("Roupinian Declaration") and of Plaintiff ("Plaintiff's Declaration").

## SUMMARY OF ARGUMENT

Class certification is warranted in this case in the interests of judicial economy and of the parties and because the proposed class satisfies the requirements of Fed. R. Civ. P. 23, as incorporated by Fed. R. Bank. P. 7023.

## STATEMENT OF FACTS

Until filing for bankruptcy, Defendants were in the business of providing technology-enabled workplace learning, training, and certification programs. Defendant TWL Corporation maintained its corporate headquarters at 4101 International Parkway, Carrollton, Texas. TWL    Corporation's    subsidiary,    TWL    Knowledge    Group,    Inc.    (collectively

"Defendants"), also maintained its corporate headquarters at 4101 International Parkway, Carrollton, Texas. Defendants also operated additional facilities and establishments (as those terms are defined by 29 U.S.C. §2101 et seq. (the "WARN Act")), throughout the United States. (collectively the "Facilities"). *See* Complaint ¶¶ 7-8.

On or about September 9, 2008, Defendants terminated the employment of approximately 130 similarly situated employees at its Facilities, including that of the Plaintiff. *See* Complaint ¶¶ 12-13. None of the Defendants' employees received any advance written notice of their terminations as required by the WARN Act. *See* Complaint ¶ 18; Plaintiff's Declaration, attached hereto as Exhibit A.

On October 19, 2008, Defendants each filed a voluntary petition with this Court for relief under Chapter 11 of Title 11 of the Bankruptcy Code. *See* Complaint ¶ 10.

## PRIOR PROCEEDINGS

On November 4, 2008, Plaintiff filed his Class Action Adversary Proceeding Complaint against the Defendants. On January 30, 2009, Plaintiff filed a First Amended Class Action Adversary Proceeding (the "Complaint"). The Complaint alleges a single Rule 23 class claim asserting that the Defendants violated the WARN Act. *See* Complaint ¶¶ 20. The Complaint further alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that the Defendants effected "mass layoffs" and/or "plant closings", as defined in the WARN Act, at the Facilities, resulting in the loss of employment for at least 50 employees. *See* Complaint ¶¶ 29-33.

The Complaint further alleges that Plaintiff and the other similarly situated former employees were terminated on or about September 9, 2008, worked at facilities having 50 or more employees excluding part-time employees, as defined by the WARN Act, and were discharged

without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5), that these former employees did not receive from Defendants 60 days' advance written notice, as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act. *See* Complaint ¶¶ 32-39.

The Complaint further alleges that the class is so numerous as to render joinder of all members impracticable; that adjudications with respect to individual class members would be dispositive of the interests of the class members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that Plaintiff's claims are typical of the claims of the other class members; that Plaintiff will fairly and adequately protect and represent the interests of the Class; that Plaintiff has the time and resources to prosecute this action; and that he has retained counsel who have extensive experience in matters involving the WARN Act. *See* Complaint ¶¶ 21-25.

The Defendants have not answered to Plaintiff's Complaint, but instead filed a Motion to Dismiss on February 9, 2009.

## ARGUMENT

### I.     The Nature of the WARN Act and Defendants' Violation of the Act.

The WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. *See* 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees. *See* 29 U.S.C. § 2101(a)(1).

The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily-required notice. *See* 29 U.S.C. § 2104. And notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States . . . . " *See* 29 U.S.C. § 2104(a)(5). Thus the Act allows for efforts to obtain relief not only for the named Plaintiff, but for others similarly situated, to pursue the goal which the statute expressly recognizes as appropriate.

## II.     WARN Claims are Widely Recognized by the Courts to be Especially Appropriate for Class Certification and Plaintiff's Proposed Class Definition Should be Approved.

Courts have regularly held that the WARN Act is "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *See also Grimmer v. Lord, Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S. Dist. LEXIS 2403 (E.D. La. 1994) ("the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.").

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted. *See, e.g., Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Texas 1998); *Pearson v. Component Technology Corp.*, 247 F.3d 471 (3rd Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed, brought, on behalf of other former employees, an action against the hospital under the WARN Act); *Jones v.*

4

*Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. TN. 1990) (former employees brought action under WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991).

The merits of the action are generally *not* to be considered in weighing class certification. *Humphrey v. United Way*, 42 Employee Benefits Cas. (BNA) 1449, 2007 U.S. Dist. LEXIS 59557 (S.D. TX 2007) (class certification hearings should not be mini-trials on the merits). *See also, Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. . .'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'"); *Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579*1, 11 IER Cases 513 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was a single site of employment affected the merits, it could not be considered on a motion for class certification); *3 Newberg on Class Actions*, (4th ed. 2002) § 7.9. *See also, Blades v. Monsanto Co.*, 400 F.3d 562, 566-67 (8th Cir. 2005)(in determining whether common issues predominate, courts should resolve factual issues only to the extent necessary to determine whether the same evidence will suffice to prove the claims of all class members).

Plaintiff alleges in his Complaint that he and other similarly situated former employees who worked at the Facilities were terminated on or about September 9, 2008 and thereafter, and were discharged without cause; that all these former employees, as well as other employees who

suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from Defendants 60 days' advance written notice, as required by the WARN Act; and that Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.

As the layoffs took place on or about September 9, 2008 (*See* Plaintiff's Declaration; Roupinian Declaration, Exhibits A & B, respectively), the proposed Class Definition is as follows:

> Persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class. (the "Class").

The proposed class definition should be approved.

III.    **The Proposed Class Satisfies the Requirements of Rule 23.**

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied. As shown below, the prerequisites for class certification are clearly present in this action.

A.    **The Proposed Class Meets the Requirements of Rule 23(a).**

F.R. Civ. P. 23(a) provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

6

representative parties will fairly and adequately protect the interest of the class.

*McManus v. Fleetwood Enters., Inc.,* 320 F.3d 545, 548 (5th Cir. 2003).

1.   **The Numerosity Requirement is Satisfied.**

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be "so numerous that joinder of all members is impracticable." This prerequisite, however, does not require that joinder be impossible. *Coggin v. Sears, Roebuck and Company*, 155 B.R. 934, 937 (E.D.N.C.1993); *See also, 1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible."). No specific number is needed to maintain a class action. *Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967). Rather, an "application of the rule is to be considered in light of the particular circumstances of the case." *Id.* at 653. Classes consisting of forty or more persons are generally sufficient to satisfy numerosity. *Lockwood Motors Inc. v. Gen. Motors Corp.*, 162 F.R.D. 569, 574 (D. Minn. 1995); *See also, 1 Newberg, supra,* § 3:5 at 248 (a proposed class of at least 40 members should stand a reasonable chance of success based on numbers alone). Indeed, a class of approximately 130 claimants, as is the case here, is clearly enough to satisfy Rule 23(a)(1); *See, e.g., In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification); *In re Spring Ford Ind.*, 2004 Bankr. LEXIS 112 at *24, 51 Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa. 2004) ("the WARN Act seems particularly amendable to class litigation given that its applicability is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more").

WARN Act class action litigation typically involves claims brought by the former employees of an employer who number less than the estimated 130 former employees which make up the proposed class of former TWL employees. *Brady v. Thurston Motor Lines*, 726 F.2d 136 (4th Cir. 1984) (certifying class of 74 persons); *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) (certifying class of 92 persons); *In Re Spring Ford Ind.*, 2004 Bankr. LEXIS 112 at *24 (certifying class of approximately 150-270 persons).

For the foregoing reasons, the proposed class satisfies the numerosity requirement of Rule 23(a)(1).

### 2.    Questions of Law and Fact are Common to All Members of the Proposed Class.

The second prerequisite of class certification is that "there [are] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Henry v. Cash Today, Inc.,* 199 F.R.D. 566, 570 (S.D. Tex. 2000). "[C]lass relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and they 'turn on questions of law applicable in the same manner to each member of the class.' For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982), *quoting, Califano v. Yamasaki*, 442 U.S. 682, 130-701 (1979); *See also, De Boer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (commonality is met where the legal question linking the class members is substantially related to the resolution of the litigation).

Here, Plaintiff claims that he and the other Class Members were terminated as part of a common plan stemming from Defendants' decision to discontinue business operations and close their Facilities. Additionally, the factual and legal questions stem from a common core of facts

regarding Defendants' actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) Defendants employed more than 100 employees; (b) all the Class Members are protected by the WARN Act;  (c) the Class Members were employees of Defendants; (d) Defendants discharged the Class Members on or within 30 days of September 9, 2008, and thereafter in connection with a mass layoff or plant closing; (e) the Class Members were "affected employees", as they lost their employment as a result of the mass layoff or plant closings; (f) the Defendants terminated the employment of the Class Members without cause; (g) Defendants terminated the employment of the Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) Defendants failed to pay the Class Members 60 days' wages and benefits.

In short, virtually *all* the issues are common to the Class and the only differences are minor, namely, the rate of pay and the date of termination.

### 3.    The Claim of the Representative Party is Typical of the Claims of the Class.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  The typicality requirement is met when the representative plaintiff's claims arise from a course of conduct by defendant that also gives rise to the claims of other Class Members based on the same legal theory. *James v. City of Dallas,* 254 F.3d 551, 571 (5th Cir. 2001); *In re Potash Antitrust Litig.,* 159 F.R.D. 682, 690 (D. Minn. 1995); *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981); 1 *Newberg, supra,* at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought'").  The question is whether the class representative's claims have same essential characteristics as the claims of the class at large. *James*, 253 F.3d at 571

(Typicality does not require a complete identity of claims). If the elements of the cause of action to be proved by the representative are the same as those of the class, the claim is typical. *Dura-Bilt*, 89 F.R.D. at 99.

Here, the proposed Class Representative (i.e., the Plaintiff) suffered the same type of injury as the rest of the Class and, there are no conflicts of interest between the representative of the Class and the other Class Members (*See* Plaintiff's Declaration). Defendants' failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all Class Members including the Plaintiff. Neither Plaintiff nor other Class Members received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act (*See* Plaintiff's Declaration).

Thus, the factual situation of the Class Representative and the legal theories upon which the action is grounded are not only typical of the entire Class, but are identical.

### 4.    The Plaintiff Will Fairly and Adequately Protect the Interests of the Class.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." This element requires a two-step analysis. First, the court must determine whether the named class representative has interests that "are free from conflicts of interest with the class they seek to represent. *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997). Second, the court must find that the class would be represented by qualified counsel. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129-30 (5th Cir. 2005); *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representative and the interests of

the Class as a whole. *See Stirman v. Exxon Corp.,* 280 F.3d 554, 563 (5th Cir. 2002) (the

typicality requirement overlaps with the adequacy requirement when assessing whether a class

representative's interests conflict with those of the putative class). The second element of Rule

23(a)(4) is met because Plaintiff's counsel are "qualified, experienced and generally able to

conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir.

1968), *cert. denied,* 417 U.S. 156 (1974). Plaintiff's Counsel's background can be summarized

as follows:

- Outten & Golden, LLP, lead counsel in the instant case, is a national plaintiffs' employment firm, representing employees in a wide range of employment matters. Jack Raisner, partner in the New York based firm, a member of the firm's Class Action Practice Group and co-chair of its WARN Act Class Action Practice Group, has extensive experience litigating plaintiff employment rights matters, with a focus on the prosecution of class action and impact litigation of employment discrimination and wage and hour claims. René Roupinian, of counsel to the firm and a member of its Class Action Practice Group and co-chair of its WARN Act Class Action Practice Group, has represented tens of thousands of former employees in more than 50 WARN Act cases, many of which were litigated in bankruptcy court. (*See* Roupinian Declaration).

- Jeff P. Prostok of Forshey & Prostok, LLP, of Fort Worth, Texas, has approximately 23 years experience in commercial bankruptcy litigation and has served as counsel to numerous creditors and debtors. Mr. Prostok has extensive experience in handling bankruptcy adversarial complaints. (*See* Roupinian Declaration).

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this

action.

**B.       The Proposed Class Meets the Requirements of Rule 23(B)(3).**

In addition to meeting the prerequisites for class certification under Rule 23(a), a class

must meet only one of the three alternative requirements for treatment as a class action under

Fed. R. Civ. P. 23(b); *McManus v. Fleetwood Enters., Inc.,* 320 F.3d 545 (5th Cir. 2003). Here, the class meets the requirements of Fed. R. Civ. P. 23(b)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.; Humphrey v. United Way*, 2007 U.S. Dist. LEXIS 59557; *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005).

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *Humphrey v. United Way,* 2007 U.S. Dist. LEXIS 59557 at *29, *citing Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 412 (5th Cir. 1998) (the (b)(3) class action was intended to dispose of all other classes in which a class action would be "convenient and desirable," including those involving large-scale, complex litigation for money damages); *See also Monsanto,* 400 F.3d at 566 (The Court should "conduct a limited preliminary inquiry, looking behind the pleadings . . . to determine whether, given the factual setting of the case, if the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case for the class"). *See also, Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532. A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567. As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

Additionally, Fed. R. Civ. P. 23(b)(3) requires that Plaintiff demonstrates that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to Class Members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither Plaintiff nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Plaintiff's Declaration). To the Plaintiff's knowledge no other litigation concerning the controversy has been commenced. (*See* Plaintiff's Declaration). Concentrating the WARN litigation in a class action will avoid multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of Defendants can be readily calculated; and there is but one combined course of conduct -- that of the Defendants -- to examine and adjudicate. (*See* Plaintiff's Declaration).

## IV.    Class Claims are Proper in Bankruptcy Court Even when the Putative Class Members Did Not File Individual Claims.

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class actions shall be allowed in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings." As required by Rule 7023, the courts have consistently recognized that Rule 23 class actions are allowed in adversary proceedings. *See, e.g., In re Craft,* 321 B.R. 189, 2005 Bankr. LEXIS 93 (Bankr. N.D. TX 2005); *In re Whitaker*, 882 F.2d 791, 793 n.1 (3d Cir.

1989); *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246 (10th Cir. 2004); *In re Zenith Laboratories*, 104 B.R. 659, 664 (D.N.J. 1989); *In re Grosso,* 9 B.R. 815 (S.D.N.Y. Bankr. 1981). Here, since Plaintiff brought an adversary proceeding that asserts a Rule 23 class claim, that claim must be allowed providing the requirements of Rule 23 for class certification are met.

As previously noted, there is ample precedent for class actions in bankruptcy courts in the specific context of WARN Act litigation. Consider, for instance, *In re Spring Ford Industries, Inc.*, 2004 Bankr. LEXIS 112. The Court noted and followed "the overwhelming majority view that [class] claims are permissible in a bankruptcy case." *Id.* at *6. Recognizing its discretion in this regard as to whether to allow the matter to proceed on behalf of the proposed class (*Id.* at *7), the Court in *Spring Ford* allowed the class claim to proceed.

*In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001), provides additional support for the propriety of WARN claims filed by Plaintiff on behalf of similarly situated putative Class Members. The *First Alliance* Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. *Id.* at 445, n 16.

Finally, five circuit courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 is met. *In re Charter, 2005 Bankr. LEXIS 93, at *15 (*The court believes class proofs of claim are consistent with the Code and the Rules and concludes that class proofs of claim are a necessary device to ensure that the relief afforded by the Code is as complete as possible); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989)(noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings); *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996) ("*[W]e conclude*

*that the bankruptcy code should be construed to allow class claims,*" noting that "*[t]hree circuits have previously considered this question and all have construed the code as we do.*") (emphasis added), citing *Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); and *American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988).

Since the requirements of Rule 23 have all been met, as discussed above, class certification should be granted.

## V.   This Court Should Appoint the Undersigned Class Counsel.

Rule 23 (g)(1)(A) mandates the appointment of class counsel when the court certifies a class. Rule 23 (g)(1)(B) provides that "An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class."

Rule 23(g)(1)(C) requires a court, when deciding who to appoint as class counsel, to consider :

> the work counsel has done in identifying or investigating potential claims in the action;
> counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
> counsel's knowledge of the applicable law; and
> the resources counsel will commit to representing the class;
> [and]
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> (iii) may direct potential class counsel to provide information in any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
> (iv) may make further orders in connection with the appoint.

Fed. R. Civ. P. 23(g)(1)(C).

Each of the four factors enumerated above support the appointment of the undersigned Plaintiff's counsel as Class Counsel. Before instituting the present action, Plaintiff's counsel interviewed the Plaintiff regarding the facts surrounding the terminations and investigated the allegations. In their investigation, Plaintiff's counsel used their experience and judgment from the

15

more than 50 WARN actions they have handled to evaluate the potential case. As Plaintiff's

Counsel has been appointed class counsel in over 50 other WARN actions, they are thoroughly

familiar with the applicable law. In the litigation which has occurred thus far, including filing

and amending the complaint, opposing Defendants' motion to dismiss and filing the instant

motion, Plaintiff's counsel has already demonstrated their willingness to commit the necessary

resources to adequately and fairly represent the class (See Roupinian Declaration).

Rule 23(g)(c)(ii) allows the court to "consider any other matter pertinent to counsel's

ability to fairly and adequately represent the interests of the class." In deciding whether to

appoint Plaintiffs' counsel as Class Counsel the Court should consider the unique expertise that

Outten & Golden LLP has in prosecuting WARN class actions. No other firm can match their

experience and record in WARN matters (See Roupinian Declaration).

## VI.   Appointment of the Class Representative.

Plaintiff's counsel requests that Frank Teta be appointed as Class Representative. The

Plaintiff has been diligent in pursuing the Class claim and has worked with counsel in initiating

and prosecuting the action; he has no conflict of interest with other Class Members; and he has

and will fairly and adequately represent the interests of the Class (*See* Plaintiff's Declaration).

For these reasons, Plaintiff's counsel asks that Frank Teta be appointed Class Representative.

## VII.   The Form and Manner of Service of Notice.

Plaintiff submits that service of the Notice of Class Action (annexed to the Roupinian

Declaration as Exhibit B), by First Class Mail, postage prepaid to each member of the proposed

Class at that person's last known address as shown in the records of Defendants is the best notice

practicable under all the circumstances.

## A.     The Contents of the Notice.

Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part as follows:

The notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified
- the class claims, issues, or defenses, that a class member may enter an appearance through counsel if the member so desires,
- that the court will exclude from the class any member who request exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Proposed Notice of Class Action meets each of these requirements. The notice describes the nature of the action, the class definition, the claims, issues and defenses, that a class member may appear by counsel, that class members may elect to be excluded from the class, and that a judgment whether favorable or not, will bind all class members who do not request exclusion (See Roupinian Declaration, Exhibit B). The notice also plainly provides the putative "class members with sufficient information [regarding the suit] to permit an intelligent decision [in] language framing the key elements in the proceedings with both clarity and objectivity". 3 *Newberg*, *supra*, §8.31 at 252. Thus, the contents of the proposed notice fully comply with Rule 23 (c).

## B.     Notice By Mail Satisfies the Manner of Notice Requirement.

Under Rule 23(c)(2), notice to the class must be the "best practicable notice under the circumstances, including individual notice to all members who can be identified through sufficient effort." *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86, 90 (3d Cir. 1985). Courts have found individual mailings to an individual's last known address to be appropriate. *White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v.*

*Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207,

225 (D.N.J. 2005); *Steiner v. Equimark Corp.*, 96 F.R.D. 603, 614 (W.D. Pa. 1983); *Trist v. First*

*Fed. Sav. & Loan Ass'n*, 89 F.R.D. 1, 2 (E.D. Pa. 1980) (individual mailing to last known address

meets Rule 23(c)(2) requirements).

Plaintiff's counsel intends to mail to the address shown in the records of Defendants a

notice to all former employees who were terminated on or about September 9, 2008 (when the

mass layoffs and/or shutdowns took place). In the case of any notices that are returned as

undeliverable due to an incorrect address, Plaintiff's counsel will undertake a search for a

corrected address and will re-mail the notice to that address. Notice will be mailed so that these

former employees will have at least 30 days from the date of the mailing to object to class

certification and opt-out of the class. The Plaintiff submits that this is plainly sufficient notice.

## CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully requests that this Court enter the

proposed Order submitted herewith granting the Plaintiff's Motion in all respects.

DATED:  February 18, 2009

                                    /s/ René S. Roupinian
                                    René S. Roupinian
                                    Jack A. Raisner
                                    OUTTEN & GOLDEN, LLP
                                    3 Park Avenue, 29th Floor
                                    New York, NY  10016
                                    Telephone: (212) 245-1000
                                    Facsimile:  (212) 977-4005

                                    Jeff P. Prostok
                                    State Bar No. 16352500
                                    Matthew G. Maben
                                    State Bar No. 24037008
                                    **Forshey & Prostok, LLP**
                                    777 Main Street, Suite 1290
                                    Fort Worth, TX 76102

Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
mmaben@forsheyprostok.com

*Counsel for Plaintiff and the putative Class*

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| |
|---|
| In re:<br><br>TWL CORPORATION, et al.<br><br>Debtor.<br><br>────────────────────────────<br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br><br>Defendants. |

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

### DECLARATION OF FRANK TETA IN SUPPORT OF
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Frank Teta, declare as follows under penalty of perjury:

1.     I am a former employee of Defendants and the named Plaintiff in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et. seq.* (the "WARN Act"). I submit this declaration in support of Plaintiff's Motion for Class Certification and Related Relief in the above action.

2.     I currently reside at 5969 Broken Bow Lane, Port Orange, Florida.

3.     From approximately March 2008 to on or about September 9, 2008, I worked for Defendants at their facility located at 4101 International Parkway, Carrollton, Texas.

4.      At the time of my termination, I held the position of Vice President of World Wide Sales and was earning approximately $150,000 a year.  Among the fringe benefits I received from Defendants as an employee were health insurance, vision and dental insurance as well as long-term and short-term disability coverage, 401K and life insurance for myself as well as my spouse.

5.      My last day of work was September 9, 2008.

6.      At no time prior to September 9, 2008, did I receive any written notice regarding the WARN Act, nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date.  I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants whose employment was terminated on or about September 9, 2008, were violated.

7.      At the time I was terminated, approximately 130 other employees were terminated by Defendants.  I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.      I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

9.      Following my termination, I retained the legal services of Outten & Golden LLP and Forshey & Prostok LLP, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about September 9, 2008.

10.      Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about September 9, 2008,

2

the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.     I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about September 9, 2008. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.     I have no conflict of interest with other class members.

13.     My claim against the Defendants under the WARN Act for 60 days' wages equals $24,650.00, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendants who were laid off on or about September 9, 2008, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending in this Court which involves the WARN rights of the former employees of Defendants.

14.     Outten & Golden LLP, and Forshey & Prostok LLP, have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

15.     In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

16.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February _10_, 2009

_Frank Teta_

Frank Teta

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>TWL CORPORATION, et al.,<br><br>                       Debtors.<br><br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>                       Plaintiff.<br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br><br>                       Defendants. | Case No. 08-42773-BTR-11<br>(Jointly Administered)<br>Chapter 11<br><br>**Adv. Pro. No. 08-04184-BTR** |

## DECLARATION IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

René S. Roupinian hereby declares the following under penalty of perjury:

        1.        I am a member of Outten & Golden, LLP, one of the law firms that represent the Plaintiff in the above-captioned action, a former employee of Defendants who was terminated without cause from his employment at Defendants' facility located at 4101 International Parkway, Carrollton, Texas (the "Carrollton Facility").

        2.        This declaration is submitted in support of the Plaintiff's Motion for an order (a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of TWL Corporation and TWL Knowledge Group, Inc., (hereinafter referred to as "Defendants" or "Debtors"), who

(i) worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden LLP and Forshey & Prostok LLP, as Class Counsel, (c) appointing Plaintiff Frank Teta as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3.      Until September 9, 2008, Defendants were in the business of providing technology-enabled workplace learning, training, and certification programs. Defendants maintained their corporate headquarters at 4101 International Parkway, Carrollton, Texas.  Defendants may have also operated other facilities around the United States.

4.      Within 30 days of September 9, 2008, Defendants terminated the employment of Plaintiff and approximately other 130 similarly situated employees who would come within the class definition.

5.      On October 19, 2008, Defendants petitioned for relief in this Court under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## THE COMPLAINT

6.      On November 4, 2008, Plaintiff filed his Class Action Adversary Proceeding Complaint against TWL Corp. On January 30, 2009 Plaintiff filed a First

Amended Class Action Adversary Proceeding Complaint (the "Complaint") adding TWL Knowledge Group, Inc., as a Defendant. The Complaint alleges a Rule 23 class claim arising from Defendants' violation of the WARN Act. (Complaint ¶ 20). The Complaint alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week; and that Defendants effected "mass layoffs" or "plant closings" at their Facilities, that resulted in the loss of employment for at least 50 employees and at least 33% of the employees at the Facilities, excluding part-time employees, as defined by the WARN Act. (Complaint ¶¶ 29-33).

      6.      The Complaint further alleges that Plaintiff and the other similarly situated former employees were terminated on or about September 9, 2008 and thereafter, worked at Defendants' Facilities and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoffs or plant closings are "affected employees," as defined by 29 U.S.C. §2101(a)(5) (the "WARN Act"); that these former employees did not receive from Defendants 60 days' advance written notice as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act (Complaint ¶¶ 32-39).

      7.      The Complaint further alleges that the proposed class meets the requirements of Federal Rule of Civil Procedure 23 and that there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiff's claim is typical of the claims of the other Class Members; that Plaintiff will fairly and adequately protect and represent the interests of the Class; that Plaintiff has the time and the resources to prosecute this action; and that he has retained counsel who have extensive experience in matters

involving federal employment class actions and the WARN Act. (Complaint ¶¶ 22-26).

8.     The Complaint further alleges that the questions of law and fact common

to the class members predominate over any questions affecting only individual members; that a

class action is superior to other available methods for the fair and efficient adjudication of the

controversy; particularly in the context of WARN Act litigation, where individual plaintiffs and

class members may lack the financial resources to vigorously prosecute a lawsuit in federal court

against corporate Defendants. (Complaint ¶ 27).

## THE PROPOSED CLASS

9.     The proposed Class consists of Plaintiff and approximately 130 other

former employees of Defendants who were terminated without cause within 30 days of September

9, 2008, and as part of, in anticipation of, or as the reasonably foreseeable consequence of the

mass layoffs and/or plant closings at the Facilities on or about September 9, 2008, and who

have not filed a timely request to opt-out of the class. The proposed Class definition is as

follows:

> Persons who worked at or reported to one of Defendants' Facilities
> and were terminated without cause on or about September 9, 2008,
> within 30 days of September 9, 2008, or in anticipation of, or as
> the foreseeable consequence of, the mass layoffs or plant closings
> ordered by Defendants on or about September 9, 2008, and who
> are affected employees, within the meaning of 29 U.S.C. §
> 2101(a)(5) ("the WARN Act"), and who have not filed a timely
> request to opt-out of the class (the "Class").

10.     As is more fully discussed in the accompanying brief, the proposed

class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification:

the proposed Class is numerous; questions of law and fact are common to all members of

the class; Plaintiff's claim is typical of the claims of the Class; Plaintiff will fairly and

adequately protect the interests of the Class; the questions of law and fact common to the class

members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY
## OF PLAINTIFF TO ACT AS CLASS REPRESENTATIVE

11.    As shown by the accompanying declaration of Frank Teta (attached hereto as Exhibit A), Plaintiff was employed by Defendants and was terminated without cause during the relevant period. Plaintiff has no conflict of interest with other class members and has and will diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

12.    Plaintiff, both through his counsel and otherwise, has diligently prosecuted this action.  Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of Plaintiff and the other employees laid-off by Defendants.  Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint asserting a class claim under the WARN Act against Defendants.  Plaintiff's counsel has actively litigated this case and will continue to do so.

## THE SUITABILITY
## OF PLAINTIFF'S COUNSEL TO ACT AS CLASS COUNSEL

### Outten & Golden LLP

### a.  Jack A. Raisner

13.    Jack A. Raisner, is a partner in the firm of Outten & Golden LLP ("O&G"), co-counsel for the Plaintiff in the above-captioned proposed class action. O&G is a 25+ attorney firm based in New York City that focuses on representing plaintiffs with a wide variety of employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race,

disability, or age, as well as retaliation, whistleblower, and contract claims.  Mr. Raisner is co-chair of the firm's WARN Act Class Action Practice Group, and a member of its Class Action Practice Group.  Mr. Raisner represents employees in wage and hour, discrimination and WARN class actions.  He prosecuted numerous wage and hour class action cases to successful conclusions against such companies as Target, JP Morgan, and IBM and as Class Counsel in *Hernandez et al v. The Home Depot, Inc.*, CV-3422 (S.D.N.Y.)  He is a tenured Professor of Law, Tobin College of Business, St. John's University. Mr. Raisner is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiff in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*.  Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983.  He is admitted to the New York bar.

### b.  René S. Roupinian

14.     René S. Roupinian joined O&G as of counsel in August 2007.  As co-chair of the firm's WARN Act Class Action Practice Group, René actively litigates cases on behalf of employees under federal and state WARN Acts.  Since 2002, Ms. Roupinian has devoted 100% of her time to the litigation of WARN claims on behalf of employees. She has served as counsel in more than 50 WARN class actions, representing tens of thousands of employees, including the following representative cases:  *Rasheed  v. American Home Mortgage Corp., et al.*, Case No. 07-51688 (Bankr. D. DE Aug. 8, 2007); *Mochnal v. Eos Airlines, Inc.*,

Case No. 08-08279 (Bankr. SD NY Apr. 28, 2008); *Mekonnen v. HomeBanc Mortgage*

*Corporation et al.*, Case No. 07-51695 (Bankr. D. DE Aug. 21, 2007); *Czyzewski v. Jevic*

*Holding Corp., et al., 08-50662* (Bankr. D. DE May 21, 2008); *Updike  v. Kitty Hawk Cargo,*

*Inc. et al.*, Case No. 07-04179 (Bankr. ND TX Nov. 29, 2007); *Joe Aguiar v. Quaker Fabric*

*Corporation et al.*, Case No. 07-51716 (Bankr. D. DE Sept. 21, 2007); *Law v. American Capital*

*Strategies Ltd.*, Case No. 05-00836 (MD. Tenn. Oct. 21, 2005 ); *Bandel  v. L.F. Brands*

*Marketing, Inc. et al.*, Case No. 04-CV-01672 (S.D.N.Y. Feb. 27, 2004); *Walsh v. Consolidated*

*Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal. Feb. 6, 2003); *Gardner v.*

*Pillowtex Corporation*, et al., Case No. 03-60213 (Bankr. D. Del. Dec. 24, 2003); *Baker  v.*

*National Machinery Company et al.*, Case No. 02-07444 (N.D. Ohio Sept.11, 2002); *Ruggier, et*

*al.* v. *Teligent, Inc., et al.,* 03-04871 (S.D. NY Jun. 27, 2003); *Trout  v. Transcom USA, Inc.*, 03-

00537 (S.D. IN Apr. 15, 2003); *Barajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz

Sept. 30, 2002); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (Dist. S.C. Jan. 23, 2002);

*D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. GA Oct. 10, 2001);

*Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich.

Nov. 9, 2001); *Andrews  v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D. NC Sept. 4,

2001); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. DE Nov. 6, 2000).  Prior to

practicing at Lankenau & Miller, LLP, Ms. Roupinian was a partner in a Detroit law firm where

she actively litigated individual employment discrimination cases on behalf of employees, and

class actions cases on behalf of homeowners, taxpayers and consumers.  Ms. Roupinian is a

member of the New York City Bar Association, the National Employment Lawyers Association

("NELA") and its New York chapter ("NELA/NY").  Ms. Roupinian is a 1989 graduate of the

University of Michigan and a 1994 graduate of Michigan State University College of Law.  She

is licensed in the state courts of New York and Michigan and admitted in the Southern District of

New York and the Eastern District of Michigan.  In May 2008, Ms. Roupinian was invited to

submit written testimony to the U.S. Senate's HELP Committee in support of pending legislation

[FOREWARN] seeking to reform the WARN Act.  Her testimony highlights from a litigator's

perspective, the deficiencies in the Act and its need for reform. Ms. Roupinian has also been

invited to speak on WARN by the American Bar Association and the National Employment

Lawyers Association, and most recently presented on WARN for the ABA's program *The*

*Economy in Peril: The Legal Landscape for Reductions in Force.*

**Jeff P. Prostok, Local Counsel**

      16.    Jeff. P. Prostok of Forshey & Prostok, LLP of Fort Worth, Texas has over

23 years of experience in complex bankruptcy litigation and has served as counsel to numerous

creditors and debtors. Mr. Prostok has extensive experience in handling bankruptcy adversarial

complaints.

      17.    I submit that Plaintiff's counsel is well-suited to serve as class counsel,

have no conflict of interest, and, as shown above, have diligently prosecuted this action and

should be appointed Class Counsel.

### THE FORM AND MANNER OF NOTICE TO THE CLASS

      18.    As shown by the accompanying brief, the Proposed Notice to the

class satisfies the requirements for such a notice. The Notice fairly apprizes the class

members of the nature of the action, of their right to opt-out of the class, and of the effect of

their failure to opt-out, namely, that they will be bound by the outcome of the litigation

(annexed hereto Exhibit B).

      19.    The motion seeks approval of service of the Proposed Notice by first

class mail sent to the address of each class member shown in Defendants' records. As discussed in the accompanying brief, service in this manner is proper.

## CONCLUSION

20.     In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declaration of Plaintiff Frank Teta in support of his motion, this Court should enter the attached order (Exhibit C) certifying a class of persons (a) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) ("the WARN Act"), and (ii) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden, LLP and Forshey & Prostok LLP as Class Counsel, (c) appointing Plaintiff Frank Teta as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: February 18, 2009

　　　　　　　　　　　_/s/  René S. Roupinian____
　　　　　　　　　　　RENÉ S. ROUPINIAN

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

         Debtor.

―――――――――――――――――――――――

FRANK TETA on behalf of himself and all others similarly situated,

         Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

         Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

## DECLARATION OF FRANK TETA IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Frank Teta, declare as follows under penalty of perjury:

1.    I am a former employee of Defendants and the named Plaintiff in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et. seq.* (the "WARN Act"). I submit this declaration in support of Plaintiff's Motion for Class Certification and Related Relief in the above action.

2.    I currently reside at 5969 Broken Bow Lane, Port Orange, Florida.

3.    From approximately March 2008 to on or about September 9, 2008, I worked for Defendants at their facility located at 4101 International Parkway, Carrollton, Texas.



EXHIBIT

A

01/12/2009    10:41    8664498097                    FETN                    PAGE    02

4.      At the time of my termination, I held the position of Vice President of World Wide Sales and was earning approximately $150,000 a year. Among the fringe benefits I received from Defendants as an employee were health insurance, vision and dental insurance as well as long-term and short-term disability coverage, 401K and life insurance for myself as well as my spouse.

5.      My last day of work was September 9, 2008.

6.      At no time prior to September 9, 2008, did I receive any written notice regarding the WARN Act, nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date. I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants whose employment was terminated on or about September 9, 2008, were violated.

7.      At the time I was terminated, approximately 130 other employees were terminated by Defendants. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.      I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

9.      Following my termination, I retained the legal services of Outten & Golden LLP and Forshey & Prostok LLP, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about September 9, 2008.

10.     Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about September 9, 2008,

the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.    I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about September 9, 2008. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.    I have no conflict of interest with other class members.

13.    My claim against the Defendants under the WARN Act for 60 days' wages equals $24,650.00, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendants who were laid off on or about September 9, 2008, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending in this Court which involves the WARN rights of the former employees of Defendants.

14.    Outten & Golden LLP, and Forshey & Prostok LLP, have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

15.    In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

16.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February _10_, 2009

_Frank Teta_

3

## NOTICE OF CLASS ACTION

TO:  Former employees of TWL Corporation and TWL Knowledge Group, Inc. ("Defendants") who were terminated from their employment at Defendants' facilities on or about September 9, 2008 as part of the cessation of operations at Defendants' facilities.

SUBJECT: The right to participate in a lawsuit to recover 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et. seq.*

DATE:  _____, 2009

## The Nature of the Action

Frank Teta (the "Plaintiff"), a former employee of Defendants, has filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the Eastern District of Texas, against Defendants for the recovery of 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan. The name and case number of the lawsuit is *Frank Teta, on behalf of himself and all others similarly situated, Plaintiff vs. TWL Corporation, f/k/a Trinity Learning Corporation and TWL Knowledge Group, Inc., f/k/a/ Trinity Workplace Learning Corporation, Defendants,* U.S. Bankr. Ct. E.D.TX, Adversary Proceeding No. 08-04184 (BTR) (the "Action").

The Plaintiff claims that under the federal plant closing/mass layoff law ("WARN Act"), he and the other similarly situated employees were terminated on or about September 9, 2008, from Defendants' establishments and/or facilities as those terms are defined by the WARN Act (the "Facilities"). The Plaintiff claims that Defendants were subject to the WARN Act, that Defendants carried out plant closings, mass layoffs or termination of operations at its Facility, and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to an administrative priority claim, or in the alternative, a wage priority claim 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et. seq.* ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.



EXHIBIT

B

## The Issues and Defenses

The Defendants have not filed an Answer to the Complaint, but Plaintiff anticipates Defendants will deny the material allegations of the complaint and assert certain defenses.

If the Action is successful, Class members will be entitled to an allowed claim in the bankruptcy for their unpaid wages and benefits and/or for each day that they did not receive written notice of their impending termination up to a maximum of 60 days under the federal WARN Act.

## The Definition of the Class

The Court has recently certified this case as a class action. The class is defined as those persons covered who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the reasonably foreseeable consequence of the mass layoff, plant closing or termination of operations ordered on or about September 9, 2008 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

## Class Counsel and Class Representative

The Plaintiff is represented by Outten & Golden, LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, (212) 245-1000 and Forshey & Prostok, LLP 777 Main Street, Suite 1290, Fort Worth, TX 76102, (817) 877-8855.

The Court has also recently appointed Plaintiff as Class Representative.

## What to Do

If you WISH to be a member of the class, YOU DO NOT NEED TO DO ANYTHING AND YOU WILL RECEIVE WHATEVER BENEFITS YOU, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

If you DO NOT WISH to participate in this Action, and wish to be EXCLUDED and, thereby, reserve your rights under the WARN Act and NOT SHARE IN ANY RECOVERY in the Action, CHECK THE BOX IN THE FORM BELOW, AND SIGN AND MAIL that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2009. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has taken no position regarding the merits of Plaintiff's claims. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha ("Hoja") of Outten & Golden, LLP at (212) 245-1000.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## TETA, ET AL. v. TWL CORPORATION, ET AL. OPT-OUT FORM

### If you DO NOT WISH to participate in this Action

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐   I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____          _____
Signature                                                        Address

_____          _____
Name (print or type)                                      Telephone

_____
Date

3

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

                Debtor.

FRANK TETA on behalf of himself and all others similarly situated,

                Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

                Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

## ORDER CERTIFYING A CLASS
## AND GRANTING RELATED RELIEF

AND NOW, upon consideration of Plaintiff's Motion for Class Certification (the "Motion") and any objections thereto, and upon finding that the proposed class meets the requirements of Fed. R. Civ. P. 23, it is hereby ORDERED that:

1.      A class is certified comprised of the Plaintiff and the other former employees of Defendants, (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class;

2.      The Class described above meets the requirements of Fed. R. Civ. P. 23; and



EXHIBIT
C

3.      Outten & Golden, LLP, and Forshey & Prostok LLP are hereby appointed Class Counsel; and

4.      Plaintiff Frank Teta is hereby appointed Class Representative; and

5.      The proposed form of Notice to the Class submitted to the Court is approved; and

6.      Within ten (10) days after the entry of this Order, Defendants shall provide Class Counsel with the names and addresses of the class members as noted in Defendants' records; and

7.      On or before ten (10) days after receipt from the Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of Defendants who falls within the definition of the class, to their last known address as noted in the records of the Defendants; and

8.      After such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice; and

9.      Class Counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the Class; and

10.      Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

DATED: _____, 2009

_____
The Honorable Brenda T. Rhoades
United States Bankruptcy Court Judge