## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>TWL CORPORATION, et al.<br><br>Debtor.<br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br><br>Defendants. | Case No. 08-42773-BTR-11<br>(Jointly Administered)<br>Chapter 11<br><br>Adv. Pro. No. 08-04184 (BTR) |

### DECLARATION OF FRANK TETA IN SUPPORT OF
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Frank Teta, declare as follows under penalty of perjury:

1. I am a former employee of Defendants and the named Plaintiff in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et. seq.* (the "WARN Act"). I submit this declaration in support of Plaintiff's Motion for Class Certification and Related Relief in the above action.

2. I currently reside at 5969 Broken Bow Lane, Port Orange, Florida.

3. From approximately March 2008 to on or about September 9, 2008, I worked for Defendants at their facility located at 4101 International Parkway, Carrollton, Texas.

4.  At the time of my termination, I held the position of Vice President of World Wide Sales and was earning approximately $150,000 a year. Among the fringe benefits I received from Defendants as an employee were health insurance, vision and dental insurance as well as long-term and short-term disability coverage, 401K and life insurance for myself as well as my spouse.

5.  My last day of work was September 9, 2008.

6.  At no time prior to September 9, 2008, did I receive any written notice regarding the WARN Act, nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date. I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants whose employment was terminated on or about September 9, 2008, were violated.

7.  At the time I was terminated, approximately 130 other employees were terminated by Defendants. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.  I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

9.  Following my termination, I retained the legal services of Outten & Golden LLP and Forshey & Prostok LLP, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about September 9, 2008.

10. Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about September 9, 2008,

the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11. I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about September 9, 2008. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12. I have no conflict of interest with other class members.

13. My claim against the Defendants under the WARN Act for 60 days' wages equals $24,650.00, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendants who were laid off on or about September 9, 2008, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending in this Court which involves the WARN rights of the former employees of Defendants.

14. Outten & Golden LLP, and Forshey & Prostok LLP, have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

15. In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 10, 2009

_____
Frank Teta