## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>TWL CORPORATION, et al.,<br><br>          Debtors.<br><br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>          Plaintiff.<br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br><br>          Defendants. | Case No. 08-42773-BTR-11<br>(Jointly Administered)<br>Chapter 11<br><br>**Adv. Pro. No. 08-04184-BTR** |

## DECLARATION IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

René S. Roupinian hereby declares the following under penalty of perjury:

        1.      I am a member of Outten & Golden, LLP, one of the law firms that represent the Plaintiff in the above-captioned action, a former employee of Defendants who was terminated without cause from his employment at Defendants' facility located at 4101 International Parkway, Carrollton, Texas (the "Carrollton Facility").

        2.      This declaration is submitted in support of the Plaintiff's Motion for an order (a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of TWL Corporation and TWL Knowledge Group, Inc., (hereinafter referred to as "Defendants" or "Debtors"), who

(i) worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden LLP and Forshey & Prostok LLP, as Class Counsel, (c) appointing Plaintiff Frank Teta as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3.      Until September 9, 2008, Defendants were in the business of providing technology-enabled workplace learning, training, and certification programs. Defendants maintained their corporate headquarters at 4101 International Parkway, Carrollton, Texas.  Defendants may have also operated other facilities around the United States.

4.      Within 30 days of September 9, 2008, Defendants terminated the employment of Plaintiff and approximately other 130 similarly situated employees who would come within the class definition.

5.      On October 19, 2008, Defendants petitioned for relief in this Court under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## THE COMPLAINT

6.      On November 4, 2008, Plaintiff filed his Class Action Adversary Proceeding Complaint against TWL Corp. On January 30, 2009 Plaintiff filed a First

Amended Class Action Adversary Proceeding Complaint (the "Complaint") adding TWL Knowledge Group, Inc., as a Defendant. The Complaint alleges a Rule 23 class claim arising from Defendants' violation of the WARN Act.  (Complaint ¶ 20). The Complaint alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week; and that Defendants effected "mass layoffs" or "plant closings" at their Facilities, that resulted in the loss of employment for at least 50 employees and at least 33% of the employees at the Facilities, excluding part-time employees, as defined by the WARN Act. (Complaint ¶¶ 29-33).

6.      The Complaint further alleges that Plaintiff and the other similarly situated former employees were terminated on or about September 9, 2008 and thereafter, worked at Defendants' Facilities and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoffs or plant closings are "affected employees," as defined by 29 U.S.C. §2101(a)(5) (the "WARN Act"); that these former employees did not receive from Defendants 60 days' advance written notice as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act (Complaint ¶¶ 32-39).

7.      The Complaint further alleges that the proposed class meets the requirements of Federal Rule of Civil Procedure 23 and that there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiff's claim is typical of the claims of the other Class Members; that Plaintiff will fairly and adequately protect and represent the interests of the Class; that Plaintiff has the time and the resources to prosecute this action; and that he has retained counsel who have extensive experience in matters

involving federal employment class actions and the WARN Act. (Complaint ¶¶ 22-26).

8.      The Complaint further alleges that the questions of law and fact common

to the class members predominate over any questions affecting only individual members; that a

class action is superior to other available methods for the fair and efficient adjudication of the

controversy; particularly in the context of WARN Act litigation, where individual plaintiffs and

class members may lack the financial resources to vigorously prosecute a lawsuit in federal court

against corporate Defendants. (Complaint ¶ 27).

## THE PROPOSED CLASS

9.      The proposed Class consists of Plaintiff and approximately 130 other

former employees of Defendants who were terminated without cause within 30 days of September

9, 2008, and as part of, in anticipation of, or as the reasonably foreseeable consequence of the

mass layoffs and/or plant closings at the Facilities on or about September 9, 2008, and who

have not filed a timely request to opt-out of the class. The proposed Class definition is as

follows:

> Persons who worked at or reported to one of Defendants' Facilities
> and were terminated without cause on or about September 9, 2008,
> within 30 days of September 9, 2008, or in anticipation of, or as
> the foreseeable consequence of, the mass layoffs or plant closings
> ordered by Defendants on or about September 9, 2008, and who
> are affected employees, within the meaning of 29 U.S.C. §
> 2101(a)(5) ("the WARN Act"), and who have not filed a timely
> request to opt-out of the class (the "Class").

10.     As is more fully discussed in the accompanying brief, the proposed

class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification:

the proposed Class is numerous; questions of law and fact are common to all members of

the class; Plaintiff's claim is typical of the claims of the Class; Plaintiff will fairly and

adequately protect the interests of the Class; the questions of law and fact common to the class

members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY
## OF PLAINTIFF TO ACT AS CLASS REPRESENTATIVE

11.     As shown by the accompanying declaration of Frank Teta (attached hereto as Exhibit A), Plaintiff was employed by Defendants and was terminated without cause during the relevant period. Plaintiff has no conflict of interest with other class members and has and will diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

12.     Plaintiff, both through his counsel and otherwise, has diligently prosecuted this action.  Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of Plaintiff and the other employees laid-off by Defendants.  Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint asserting a class claim under the WARN Act against Defendants.  Plaintiff's counsel has actively litigated this case and will continue to do so.

## THE SUITABILITY
## OF PLAINTIFF'S COUNSEL TO ACT AS CLASS COUNSEL

**Outten & Golden LLP**

**a.  Jack A. Raisner**

13.     Jack A. Raisner, is a partner in the firm of Outten & Golden LLP ("O&G"), co-counsel for the Plaintiff in the above-captioned proposed class action. O&G is a 25+ attorney firm based in New York City that focuses on representing plaintiffs with a wide variety of employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race,

disability, or age, as well as retaliation, whistleblower, and contract claims. Mr. Raisner is co-chair of the firm's WARN Act Class Action Practice Group, and a member of its Class Action Practice Group. Mr. Raisner represents employees in wage and hour, discrimination and WARN class actions. He prosecuted numerous wage and hour class action cases to successful conclusions against such companies as Target, JP Morgan, and IBM and as Class Counsel in *Hernandez et al v. The Home Depot, Inc.*, CV-3422 (S.D.N.Y.) He is a tenured Professor of Law, Tobin College of Business, St. John's University. Mr. Raisner is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiff in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983. He is admitted to the New York bar.

**b.  René S. Roupinian**

14.     René S. Roupinian joined O&G as of counsel in August 2007. As co-chair of the firm's WARN Act Class Action Practice Group, René actively litigates cases on behalf of employees under federal and state WARN Acts. Since 2002, Ms. Roupinian has devoted 100% of her time to the litigation of WARN claims on behalf of employees. She has served as counsel in more than 50 WARN class actions, representing tens of thousands of employees, including the following representative cases: *Rasheed v. American Home Mortgage Corp., et al.*, Case No. 07-51688 (Bankr. D. DE Aug. 8, 2007); *Mochnal v. Eos Airlines, Inc.*,

6

Case No. 08-08279 (Bankr. SD NY Apr. 28, 2008); *Mekonnen v. HomeBanc Mortgage Corporation et al.*, Case No. 07-51695 (Bankr. D. DE Aug. 21, 2007); *Czyzewski v. Jevic Holding Corp., et al., 08-50662* (Bankr. D. DE May 21, 2008); *Updike v. Kitty Hawk Cargo, Inc. et al.*, Case No. 07-04179 (Bankr. ND TX Nov. 29, 2007); *Joe Aguiar v. Quaker Fabric Corporation et al.*, Case No. 07-51716 (Bankr. D. DE Sept. 21, 2007); *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (MD. Tenn. Oct. 21, 2005 ); *Bandel v. L.F. Brands Marketing, Inc. et al.*, Case No. 04-CV-01672 (S.D.N.Y. Feb. 27, 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal. Feb. 6, 2003); *Gardner v. Pillowtex Corporation*, et al., Case No. 03-60213 (Bankr. D. Del. Dec. 24, 2003); *Baker v. National Machinery Company et al.*, Case No. 02-07444 (N.D. Ohio Sept.11, 2002); *Ruggier, et al.* v. *Teligent, Inc., et al.,* 03-04871 (S.D. NY Jun. 27, 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. IN Apr. 15, 2003); *Barajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz Sept. 30, 2002); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (Dist. S.C. Jan. 23, 2002); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. GA Oct. 10, 2001); *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich. Nov. 9, 2001); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D. NC Sept. 4, 2001); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. DE Nov. 6, 2000).  Prior to practicing at Lankenau & Miller, LLP, Ms. Roupinian was a partner in a Detroit law firm where she actively litigated individual employment discrimination cases on behalf of employees, and class actions cases on behalf of homeowners, taxpayers and consumers.  Ms. Roupinian is a member of the New York City Bar Association, the National Employment Lawyers Association ("NELA") and its New York chapter ("NELA/NY").  Ms. Roupinian is a 1989 graduate of the University of Michigan and a 1994 graduate of Michigan State University College of Law.  She

is licensed in the state courts of New York and Michigan and admitted in the Southern District of

New York and the Eastern District of Michigan.  In May 2008, Ms. Roupinian was invited to

submit written testimony to the U.S. Senate's HELP Committee in support of pending legislation

[FOREWARN] seeking to reform the WARN Act.  Her testimony highlights from a litigator's

perspective, the deficiencies in the Act and its need for reform. Ms. Roupinian has also been

invited to speak on WARN by the American Bar Association and the National Employment

Lawyers Association, and most recently presented on WARN for the ABA's program *The*

*Economy in Peril: The Legal Landscape for Reductions in Force.*

**Jeff P. Prostok, Local Counsel**

16.     Jeff. P. Prostok of Forshey & Prostok, LLP of Fort Worth, Texas has over

23 years of experience in complex bankruptcy litigation and has served as counsel to numerous

creditors and debtors. Mr. Prostok has extensive experience in handling bankruptcy adversarial

complaints.

17.     I submit that Plaintiff's counsel is well-suited to serve as class counsel,

have no conflict of interest, and, as shown above, have diligently prosecuted this action and

should be appointed Class Counsel.

## THE FORM AND MANNER OF NOTICE TO THE CLASS

18.     As shown by the accompanying brief, the Proposed Notice to the

class satisfies the requirements for such a notice. The Notice fairly apprizes the class

members of the nature of the action, of their right to opt-out of the class, and of the effect of

their failure to opt-out, namely, that they will be bound by the outcome of the litigation

(annexed hereto Exhibit B).

19.     The motion seeks approval of service of the Proposed Notice by first

class mail sent to the address of each class member shown in Defendants' records. As discussed in the accompanying brief, service in this manner is proper.

## CONCLUSION

20.    In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declaration of Plaintiff Frank Teta in support of his motion, this Court should enter the attached order (Exhibit C) certifying a class of persons (a) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) ("the WARN Act"), and (ii) who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden, LLP and Forshey & Prostok LLP as Class Counsel, (c) appointing Plaintiff Frank Teta as Class Representative, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: February 18, 2009

                    /s/  René S. Roupinian
                    RENÉ S. ROUPINIAN

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

       Debtor.

FRANK TETA on behalf of himself and all others similarly situated,

       Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

       Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

## DECLARATION OF FRANK TETA IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Frank Teta, declare as follows under penalty of perjury:

1.    I am a former employee of Defendants and the named Plaintiff in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et. seq.* (the "WARN Act"). I submit this declaration in support of Plaintiff's Motion for Class Certification and Related Relief in the above action.

2.    I currently reside at 5969 Broken Bow Lane, Port Orange, Florida.

3.    From approximately March 2008 to on or about September 9, 2008, I worked for Defendants at their facility located at 4101 International Parkway, Carrollton, Texas.



EXHIBIT
A

4.      At the time of my termination, I held the position of Vice President of World Wide Sales and was earning approximately $150,000 a year.  Among the fringe benefits I received from Defendants as an employee were health insurance, vision and dental insurance as well as long-term and short-term disability coverage, 401K and life insurance for myself as well as my spouse.

5.      My last day of work was September 9, 2008.

6.      At no time prior to September 9, 2008, did I receive any written notice regarding the WARN Act, nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date.  I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants whose employment was terminated on or about September 9, 2008, were violated.

7.      At the time I was terminated, approximately 130 other employees were terminated by Defendants.  I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.      I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

9.      Following my termination, I retained the legal services of Outten & Golden LLP and Forshey & Prostok LLP, as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about September 9, 2008.

10.     Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about September 9, 2008,

the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.    I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about September 9, 2008. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.    I have no conflict of interest with other class members.

13.    My claim against the Defendants under the WARN Act for 60 days' wages equals $24,650.00, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendants who were laid off on or about September 9, 2008, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending in this Court which involves the WARN rights of the former employees of Defendants.

14.    Outten & Golden LLP, and Forshey & Prostok LLP, have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

15.    In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

16.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February _10_, 2009

_____
Frank Teta

## NOTICE OF CLASS ACTION

TO:   Former employees of TWL Corporation and TWL Knowledge Group, Inc.
("Defendants") who were terminated from their employment at Defendants' facilities
on or about September 9, 2008 as part of the cessation of operations at Defendants'
facilities.

SUBJECT: The right to participate in a lawsuit to recover 60 days' wages, salary,
commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following
their respective terminations, as well as 401(k) contributions and ERISA benefits other than
health insurance, including the cost of medical expenses incurred during the employment loss
which would have been covered under an employee benefit plan, for each class member
under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et. seq.*

DATE:   _____, 2009

## The Nature of the Action

Frank Teta (the "Plaintiff"), a former employee of Defendants, has filed a lawsuit under the
WARN Act in the United States Bankruptcy Court for the Eastern District of Texas, against
Defendants for the recovery of 60 days' wages, salary, commissions, bonuses, accrued
holiday pay and accrued vacation for 60 days following their respective terminations, as
well as 401(k) contributions and ERISA benefits other than health insurance, including the
cost of medical expenses incurred during the employment loss which would have been covered
under an employee benefit plan.  The name and case number of the lawsuit is *Frank Teta, on
behalf of himself and all others similarly situated, Plaintiff vs. TWL Corporation, f/k/a Trinity
Learning Corporation and TWL Knowledge Group, Inc., f/k/a/ Trinity Workplace Learning
Corporation, Defendants*, U.S. Bankr. Ct. E.D.TX, Adversary Proceeding No. 08-04184 (BTR)
(the "Action").

The Plaintiff claims that under the federal plant closing/mass layoff  law ("WARN Act"),
he and the other similarly situated employees were terminated on or about September 9,
2008, from Defendants' establishments and/or facilities as those terms are defined by the
WARN Act (the "Facilities"). The Plaintiff claims that Defendants were subject to the
WARN Act, that Defendants carried out plant closings, mass layoffs or termination of
operations at its Facility, and that the members of the class were entitled to receive from
Defendants 60 days' advance written notice of their terminations, and, having not received
such notice, are entitled to an administrative priority claim, or in the alternative, a wage
priority claim 60 days' wages and benefits under the Employee Retirement Income
Security Act, 29 U.S.C. §1001 *et. seq.* ("ERISA"), including the cost of medical expenses
incurred during the employment loss which would have been covered under an employee
benefit plan.



EXHIBIT

B

## The Issues and Defenses

The Defendants have not filed an Answer to the Complaint, but Plaintiff anticipates Defendants will deny the material allegations of the complaint and assert certain defenses.

If the Action is successful, Class members will be entitled to an allowed claim in the bankruptcy for their unpaid wages and benefits and/or for each day that they did not receive written notice of their impending termination up to a maximum of 60 days under the federal WARN Act.

## The Definition of the Class

The Court has recently certified this case as a class action. The class is defined as those persons covered who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the reasonably foreseeable consequence of the mass layoff, plant closing or termination of operations ordered on or about September 9, 2008 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

## Class Counsel and Class Representative

The Plaintiff is represented by Outten & Golden, LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, (212) 245-1000 and Forshey & Prostok, LLP 777 Main Street, Suite 1290, Fort Worth, TX 76102, (817) 877-8855.

The Court has also recently appointed Plaintiff as Class Representative.

## What to Do

**If you WISH to be a member of the class, YOU DO NOT NEED TO DO ANYTHING AND YOU WILL RECEIVE WHATEVER BENEFITS YOU, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.**

**If you DO NOT WISH to participate in this Action, and wish to be EXCLUDED and, thereby, reserve your rights under the WARN Act and NOT SHARE IN ANY RECOVERY in the Action, CHECK THE BOX IN THE FORM BELOW, AND SIGN AND MAIL that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2009. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.**

**The Court has taken no position regarding the merits of Plaintiff's claims. Please do not call or contact the Court for information.**

**If you wish information or assistance, please contact Jenny Hoxha ("Hoja") of Outten & Golden, LLP at (212) 245-1000.**

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### TETA, ET AL. v. TWL CORPORATION, ET AL. OPT-OUT FORM

#### If you DO NOT WISH to participate in this Action

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐     I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____
Signature

_____
Name (print or type)

_____
Date

_____
Address

_____
Telephone

3

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

In re:

TWL CORPORATION, et al.

               Debtor.

_____

FRANK TETA on behalf of himself and all others similarly situated,

               Plaintiff.

v.

TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,

               Defendants.

Case No. 08-42773-BTR-11
(Jointly Administered)
Chapter 11

Adv. Pro. No. 08-04184 (BTR)

### ORDER CERTIFYING A CLASS
### AND GRANTING RELATED RELIEF

AND NOW, upon consideration of Plaintiff's Motion for Class Certification (the "Motion") and any objections thereto, and upon finding that the proposed class meets the requirements of Fed. R. Civ. P. 23, it is hereby ORDERED that:

1.      A class is certified comprised of the Plaintiff and the other former employees of Defendants, (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class;

2.      The Class described above meets the requirements of Fed. R. Civ. P. 23; and



EXHIBIT
C

3.    Outten & Golden, LLP, and Forshey & Prostok LLP are hereby appointed Class Counsel; and

4.    Plaintiff Frank Teta is hereby appointed Class Representative; and

5.    The proposed form of Notice to the Class submitted to the Court is approved; and

6.    Within ten (10) days after the entry of this Order, Defendants shall provide Class Counsel with the names and addresses of the class members as noted in Defendants' records; and

7.    On or before ten (10) days after receipt from the Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of Defendants who falls within the definition of the class, to their last known address as noted in the records of the Defendants; and

8.    After such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice; and

9.    Class Counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the Class; and

10.    Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

DATED: _____, 2009

_____
The Honorable <u>Brenda T. Rhoades</u>
United States Bankruptcy Court Judge