IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TWL CORPORATION, et al., | § § § | Case No. 08-42773 (Chapter 7) |
| Debtors. | § § | |
| | § | |
| FRANK TETA, | § § | |
| Plaintiff, | § § § | |
| v. | § § | Adv. Proc. No. 08-4184 |
| TWL CORPORATION f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC. f/k/a TRINITY WORKPLACE LEARNING CORPORATION, | § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This matter is before the Court on the motion filed by Frank Teta seeking class certification and related relief. Michelle Chow, the chapter 7 trustee for the estates of the debtors-defendants, opposes the motion and seeks dismissal of this adversary proceeding. The Court exercises its core jurisdiction over this matter, *see* 28 U.S.C. §§ 157(b)(2)(B) and 1334(b), and makes the following finding of fact and conclusions of law.

**BACKGROUND**

TWL Corporation operated through its primary subsidiary, TWL Knowledge Group, Inc., prior to bankruptcy. The defendants were in the business of providing workplace learning, training, and certification programs for customers in healthcare,

industrial services, public safety, fire services, emergency medical services, and other federal and state agencies. The defendants maintained their headquarters in Carrollton, Texas, and they also maintained small offices throughout the United States.

The defendants filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 19, 2008. The Court has jointly administered their cases. The United States trustee appointed a committee of unsecured creditors on November 4, 2008, and a meeting of creditors was held on November 21, 2008, pursuant to § 341 of the Bankruptcy Code. The general deadline for filing proofs of claim against the defendants' estates was February 19, 2009. The defendants sent notice of the bar date to all of the individuals and entities listed on the master mailing matrix. The defendants subsequently filed a supplemental certificate of service, establishing that they had notified numerous taxing authorities and other entities of the deadline for filing proofs of claim.

On October 27, 2008, the defendants requested an order approving the auction of substantially all their assets. They also filed emergency motions for post-petition financing and to pay pre-petition wages and employee benefits in the ordinary course of business, among other things. In these motions, the defendants represented that they had filed for bankruptcy due to sustained operating losses. The defendants represented that they had reduced their workforce from approximately 130 people to 20 people on or about September 8, 2008, and from 20 people to 17 people immediately prior to filing for bankruptcy.

Frank Teta was employed as a vice president for the defendants. He alleges that he was terminated along with most of the defendant's other employees on Monday,

September 8, 2008. On February 18, 2009, Teta filed identical proofs of claim against each of the defendants in their respective bankruptcy cases. The claims are for $5,472.77 in unreimbursed expenses and 401k plan contributions. Teta asserts that his claims are entitled to priority under §§ 507(a)(4) and (a)(5) of the Bankruptcy Code.

On November 4, 2008, Teta initiated this adversary proceeding. In his complaint, as amended, Teta asserts that he is acting on behalf of himself and all other similarly situated individuals who were not provided with 60 days written notice of their terminations as required by the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. §§ 2101 *et seq.*[1] Teta seeks to recover 60 days of wages and benefits, pursuant to 29 U.S.C. § 2104, for himself and all similarly situated employees of TWL Knowledge Group, Inc. and TWL Corporation. Teta asserts that WARN Act claims are entitled to be paid as administrative claims under § 503(b)(1)(A) or, alternatively, as priority unsecured claims under § 507(a)(4) and (5).

On February 9, 2009, the defendants filed a motion seeking to dismiss Teta's adversary complaint. The defendants argued, among other things, that Teta's adversary proceeding was nothing more than an attempt to circumvent the normal claims allowance process. On February 18, 2009, counsel for Teta filed a class proof of claim against each

---

[1] "The WARN Act was enacted in 1988 to provide notice of sudden, significant employment loss so that workers could seek alternative employment and their communities could prepare for the economic disruption of a mass layoff." *Meson v. GATX Tech. Servs. Corp.,* 507 F.3d 803, 808 (4th Cir. 2007). The purpose of the WARN Act is to provide "protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs." 20 C.F.R. § 639.1(a). To prove an action under the WARN Act, a plaintiff must establish four elements: (1) the defendant must be "an employer" for purposes of the WARN Act; (2) the defendant must have ordered a "plant closing" or "mass layoff," as defined in the WARN Act; (3) the defendant must have failed to give 60 days advance written notice of such plant closing or mass layoff to the plaintiff; and (4) the plaintiff must be an "aggrieved employee." 29 U.S.C. §§ 2102, 2104. As an affirmative defense to liability under the WARN Act, a company may seek to establish unforeseeable business circumstances or may seek to qualify as a "faltering company." *See* 29 U.S.C. § 2102(b), 20 C.F.R. § 639.9.

3

of the defendants on behalf of all the defendants' former employees. On the same day, Teta filed a motion seeking certification of a class of the defendants' former employees with himself as the lead plaintiff.

In the meantime, the Court entered an order approving the sale of the defendants' assets in the underlying bankruptcy case. Following completion of the sale, the cases remained in chapter 11 in order to accommodate the desire of the unsecured creditors' committee and the defendants to resolve outstanding litigation prior to conversion or dismissal. The defendants used the proceeds of the asset sale and litigation to satisfy the lien of their senior secured lender and to pay the cure amounts of contracts that the defendants had assumed and assigned to the purchaser. Trinity Investments, G.P., took the position that it was entitled to the remaining cash in the defendants' estates as a secured creditor of the defendants. The unsecured creditors' committee objected to Trinity's status as a secured creditor.

On March 23, 2009, the Court granted a motion by Teta to stay consideration of the class proof of claim until after the Court's ruling on the defendants' motion to dismiss this adversary proceeding. In addition, on March 24, 2009, at the parties' request, the Court abated this adversary proceeding until October 6, 2009. The Court thereafter continued the hearing on the motion to dismiss and the request for class certification several times. The parties represented that they did not wish to proceed with this adversary proceeding until such time as the size of the estate could be determined.

On April 2, 2010, the Court entered an order converting the defendants' cases to chapter 7. The Court subsequently appointed Michelle Chow as the chapter 7 trustee for the defendants' estates. The last day to file proofs of claim in the converted cases was

December 10, 2010. The chapter 7 trustee served notice of the new bar date on all known creditors and parties in interest.

Creditors filed 86 claims against the estate of TWL Corporation and 107 claims against TWL Knowledge Group, Inc. The vast majority of these claims were filed by taxing authorities, governmental agencies, and businesses. By the Court's count, 34 individuals filed claims against the bankruptcy estates. The majority of these individual claims are based upon unpaid invoices for goods sold to the defendants and services performed for the defendants, such as the preparation of workbooks and appearances in training videos. It appears to the Court that less than 20 individuals filed claims against one or both of the defendants for unpaid wages, salaries, or commissions, which may be entitled to priority under §§ 507(a)(4) or (5) of the Bankruptcy Code.

## DISCUSSION

The chapter 7 trustee opposes Teta's motion for class certification. The trustee raises two objections. First, the trustee objects that the proposed class is relatively small. Second, the trustee objects that Teta and his proposed class counsel suffer from conflicts of interest in that they are seeking or may seek to recover priority claims on their own behalf from the defendants' estates. The trustee argues that any recovery on such claims would reduce or eliminate the distribution to the putative class members, because there are not enough assets in the defendants' estates to pay all creditors in full.

"There is no absolute right to file a class proof of claim under the Bankruptcy Code." *In re Bally Total Fitness of Greater N.Y.,* 402 B.R. 616, 619 (Bankr. S.D. N.Y. 2009), *aff'd*, 411 B.R. 142, 145 (S.D. N.Y. 2009). Indeed, the Fifth Circuit has not addressed whether the Bankruptcy Code and Rules authorize the filing of a class claim,

and the other courts of appeals are split. *See, e.g., Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, 439 B.R. 652, 658 fn. 5 (E.D. V.A. 2010) (collecting authority). Courts within the Fifth Circuit have issued conflicting decisions on whether to permit class proofs of claim. *See In re Entergy New Orleans, Inc.,* 353 B.R. 474 (Bankr. E.D. La. 2006) (refusing to permit a class proof of claim where rate-related claims that putative class representatives sought to assert were the subject of extensive proceedings already underway before proper administrative bodies and in state courts); *In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005) (refusing to permit a class proof of claim in a Chapter 11 case where the class had not been certified prior to bankruptcy and it would have prejudiced the debtor and other creditors to delay confirmation in order to conduct a certification hearing); *Kahler v. FIRSTPLUS Financial, Inc. (In re FIRSTPLUS Financial, Inc.)*, 248 B.R. 60, 67 (Bankr. N.D. Tex. 2000) (holding that a putative representative may not file a proof of claim on behalf of a proposed class); *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 312 (E.D. La. 1992) (holding that a representative may file a proof of claim on behalf of a purported class). *See also Adair v. Bartholow (In re Great Western Cities, Inc. of New Mexico, et al.)*, 107 B.R. 116, 118 (N.D. Tex. 1989) (distinguishing class claims from group claims). *Cf. Updike v. Kitty Hawk Cargo, Inc.*, Adv. No. 07-4179 (Bankr. N.D. Tex. July 22, 2008) (granting WARN Act claimants' motion for class certification based upon consent of the parties).

In those circuits that permit class proofs of claim, it is well established that whether the filing of a class claim is permissible in a particular case is within the discretion of the bankruptcy court. *See In re Computer Learning Centers, Inc.,* 344 B.R. 79, 85 (Bankr. E.D. Va. 2006). This discretion is exercised in adversary proceedings

6

through the application of Federal Rule of Bankruptcy Procedure 7023, which incorporates Federal Rule of Civil Procedure 23. Likewise, in the context of an objection to a class claim, Bankruptcy Rule 9014(c) permits the bankruptcy court to incorporate Civil Rule 23. *See In re American Reserve Corp.* 840 F.2d 487, 488 (7th Cir. 1988) ("[T]he right to file a proof of claim on behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014").

Rule 23(a) sets forth four baseline requirements for class certification: numerosity, commonality, typicality, and adequacy of representation. The party seeking class certification has the burden of proving that each requirement of Rule 23(a) is satisfied. *Anderson v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008); *Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002); *Zeidman v. J. Ray McDermott Co.,* 651 F.2d 1030, 1038 (5th Cir. 1981). In addition, one of the requirements of Rule 23(b) must also be satisfied. *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). For purposes of considering a motion under Rule 23, the substantive allegations of the complaint are generally assumed to be true, and it is also assumed that the complaint states cognizable claims. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974).

In this case, Teta defines the proposed class as all employees who worked for the defendants and were terminated without notice or cause on or about September 9, 2008, or within 30 days of that date, or as the reasonably foreseeable consequence of the "mass layoff" ordered by the defendants on September 9, 2008. Teta argues that, since the defendants admittedly terminated more than 40 people, he has presumptively established numerosity. *See Mullin v. Treasure Chest Casino, LLC*, 186 F.3d. 620, 624 (5th Cir.

7

1999) (suggesting that any class consisting of more than 40 members "should raise a presumption that joinder is impracticable"). Teta also asserts that the proposed class meets the requirements of Rule 23(b)(3), which provides that --

> A class action may be maintained if Rule 23(a) is satisfied and if … the court finds questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against any class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties of managing a class action.

FED. R. CIV. P. 23(b)(3)(B).

With respect to the first requirement of Rule 23(a), numerosity, size is not the sole consideration. "The proper focus is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Phillips v. Joint Legislative Comm. On Performance & Expenditure Review of the State of Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981). In deciding whether joinder is practicable, relevant factors include judicial economy, the ease with which class members may be identified, the geographic dispersion of class members, the financial resources of class members, the size of the claims, the nature of the action, and the ability of the claimants to institute individual suits. *See id. See also, e.g., Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993).

Here, the defendants were headquartered in nearby Carrollton, Texas. It is not clear how many of the putative plaintiffs worked in Carrollton or in the one of the

defendants' small offices located elsewhere.  None of the putative plaintiffs filed WARN Act claims against the defendants prior to bankruptcy.  The putative plaintiffs may be easily identified, and each of the putative plaintiffs could have asserted a claim for more than two months of salary under the WARN Act simply by filling out a proof of claim form and filing the form with this Court.

The deadline for filing proofs of claim has passed – twice.  Only a few former employees elected to file individual claims in the defendants' cases.  The only claims asserting WARN Act damages are the class proofs of claim filed by Teta on the eve of the first claims bar date.  Even without considering Teta's WARN Act claims, the defendants' estates are insufficient to pay all of their creditors in full.

Teta argues that his WARN Act claims serve as timely filed proofs of claim on behalf of the other putative class members, *see In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001), and he seeks certification of the class so that he can offer the other putative members what amounts to yet another opportunity to participate in the claims allowance process.  Teta, however, is not acting as a private attorney general representing the general public as in *First Alliance Mortgage*.  As to unfiled claims, class certification would negate the bar date by permitting those who missed the deadline to interpose claims into this case without establishing the excusable neglect standard expressed in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993).  While this may not be a paramount concern in the defendants' cases, which do not involve a reorganization that could be threatened by an influx of unexpected claims, the expense of allowing this adversary proceeding to go

9

forward so that Teta can offer certain creditors a third bite at the proverbial apple is a factor that weighs against class certification.

The Court concludes that, under the facts of this case, Teta has failed to establish the numerosity required to prosecute a class claim. Even if all 130 members of the putative class elected to pursue WARN Act claims – which seems unlikely given their lack of participation in the claims allowance process to date – that number certainly would be manageable. The Court is also not convinced that a class action would be a "superior method" of adjudication as required by Rule 23(b)(3)(B). The Bankruptcy Code already concentrates any WARN Act claims in this Court by requiring former employees to seek allowance of such claims in order to share in any distribution from the defendants' estates. Similar to *In re First Magnus Financial Corp.,* 403 B.R. 659, 664 (Bankr. D. Ariz. 2009), the Court believes it would be a waste of the defendants' limited assets to move forward with this adversary proceeding when Teta is the only individual who has asserted a timely WARN Act claim, and the claims process can more expeditiously move Teta's claims down a parallel track.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Class Certification and Related Relief shall be, and it is hereby, **DENIED.**

**IT IS FURTHER ORDERED** that the chapter 7 trustee's motion to dismiss this adversary proceeding shall be, and it is hereby, **GRANTED.**

Signed on 3/23/2011

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE